DAVID J. SMITH, Acting County Counsel (SBN 185643)
By: STEVEN P. INMAN II, Supervising Deputy (SBN 227748)
LINDSEY M. BURNETTE, Supervising Deputy (SBN 294888)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 884-2931; Fax: (619) 531-6005
E-mail: Steven.Inman@sdcounty.ca.gov; Lindsey.Burnette@sdcounty.ca.gov

*Attorneys for Defendants and Third-Party Cross Complainant County of San Diego, and Defendants Kelly Martinez, Rich Williams, Matthew Blackburn, and Tony Gonzalez*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF BRANDON YATES by and through its successors-in-interest Dan Yates and Andrea Carrier; DAN YATES and ANDREA CARRIER,<br><br>　　　　　Plaintiffs,<br>v.<br><br>COUNTY OF SAN DIEGO, KELLY MARTINEZ, in her individual capacity, RICH WILLIAMS, in his individual capacity, MATTHEW BLACKBURN, in his individual capacity, TONY GONZALEZ in his individual capacity and DOES 1-51,<br>　　　　　Defendants.<br>_____<br><br>COUNTY OF SAN DIEGO,<br>　　Third Party/Cross-complainant,<br>v.<br><br>DR. HUDAD TOLLOUI; DR. REBECCA ROBINSON; DR. PETE J. FARRELL IV; MIRANDA EVANS; LIBERTY HEALTHCARE CORPORATION; LIBERTY HEALTHCARE OF CALIFORNIA, INC.; NAPHCARE OF SAN DIEGO, LLC; NAPHCARE, INC.; AND ROES 1-30.<br>　　　　　Third Party/Cross-claim Defendants. | No. 25-cv-0410-W-MMP<br><br>**CROSS-COMPLAINANT COUNTY OF SAN DIEGO'S OPPOSITION TO CROSS-DEFENDANT NAPHCARE'S MOTION TO DISMISS**<br><br>Hon. Thomas J. Whelan<br>Courtroom: 3C<br><br>Magistrate Michelle M. Pettit<br><br>Hearing Date: January 26, 2026<br><br>**[NO ORAL ARGUMENT PURSUANT TO LOCAL RULE 7.1(d)(1)]** |

## I. Introduction

Cross-Defendants NaphCare, Inc. and NaphCare of San Diego, LLC (collectively, "NaphCare" have breached their contractual duty to defend the County of San Diego.[1] Under California law and Ninth Circuit precedent, courts construe the duty to defend broadly. While NaphCare's motion centers on how Plaintiffs labeled or "framed" claims, regardless of such labeling or framing "remote facts buried within causes of action" are "sufficient to invoke the defense duty." *Pension Trust Fund for Operating Eng'rs v. Federal Ins. Co.,* 307 F.3d 944, 951 (9th Cir.2002).

The reason for this rule is that a duty to defend exists whenever claims potentially fall within the embrace of the indemnity clause, and the pleadings are "malleable, changeable, and amendable." *Gray v. Zurich Ins. Co.*, 65 Cal. 2d 263, 276 (1966). In fact, Plaintiffs have indicated to the Court that they intend to amend their complaint to add NaphCare and make specific allegations related to the acts and omissions of NaphCare employees.[2]

NaphCare's Motion to Dismiss is also factually inaccurate. NaphCare incorrectly asserts that the underlying claims "do not arise out of work performed pursuant to the NaphCare Agreement. The underlying complaint renders this demonstrably false. For example, Plaintiffs allege that the reason why Brandon Yates' killer was in mainline housing where he was able to harm Yates is because Does 37-46, who are identified as "medical and mental health personnel responsible for assessing inmates and providing psychiatric care," "failed to notify classification staff and housing deputies of the dangers Ruis posed to others." [Doc. No. 1 at ¶ 25].

---

[1] The County has alleged that NaphCare of San Diego, LLC is legally an alter ego of NaphCare, Inc. [Doc. No. 20 at ¶ 3].

[2] Plaintiffs had represented at the December 9, 2025 status conference that they would file their amended complaint within two or three weeks. Once Plaintiffs amend, the County will amend its cross complaint, rendering NaphCare's motion moot (assuming this occurs before the motion is decided).

The County's cross complaint alleges that NaphCare provided those medical and mental health personnel pursuant to the NaphCare Agreement. [Doc. No. 20 at ¶ 15]. The allegations in the cross complaint must be regarded as true for purposes of NaphCare's motion to dismiss. Moreover, the fact that Plaintiffs' Complaint does not specifically reference NaphCare by name is of no consequence. Under California law, "facts extrinsic to the allegations of the complaint may give rise to a duty to defend when they reveal a possibility that the claim may be covered" by the terms of an indemnity obligation when such facts (e.g., NaphCare's provision of medical and mental health professionals to the County) are known to both the indemnitor and the indemnitee. *Gunderson v. Fire Ins. Exch.*, 37 Cal. App. 4th 1106, 1113 (1995). Consequently, the County's cross complaint states a valid breach of contract claim based on NaphCare's breach of the duty to defend that is immediately ripe.

Additionally, while NaphCare's liability for contractual indemnity of the County will depend on findings yet to be made in this action, the County has a valid claim for equitable indemnity with respect to at least the negligence and wrongful death claims. As a matter of hornbook California tort law, if found to be joint tortfeasors NaphCare and its employees and agents will be liable to the County for equitable indemnity/contribution up to an amount commensurate with their percentages of fault.

Finally, NaphCare's motion fairs to meaningfully challenge the County's declaratory judgment claim. A dispute between the parties obviously exists with respect to the indemnity clause in the NaphCare Agreement and the parties will benefit from the Court's adjudication of the parties' rights and obligations. This too is a valid claim. Accordingly, the County requests that the Court deny NaphCare's Motion to Dismiss and that it be granted leave to amend in the event that any portion of NaphCare's motion is granted.

## II.   Relevant Facts

On April 26, 2022, NaphCare entered into an agreement with the County, pursuant to which it agreed to provide mental healthcare staffing in the County jails. [Doc. No. 20

at ¶ 15]. The NaphCare Agreement contained a broad indemnity clause that included a duty to defend:

> Contractor shall defend and indemnify County and the employees and agents of County (collectively, "County Parties"), against any and all claims, demands, liability, judgments, awards, fines, mechanics' liens or other liens, labor disputes, losses, damages, expenses, charges or costs of any kind or character, including attorneys' fees and court costs (hereinafter collectively referred to as "Claims"), related to this Agreement or the work covered by this Agreement and **arising either directly or indirectly from any act, error, omission or negligence of Contractor or its Contractors, licensees, agents, servants or employees**; including, without limitation, Claims caused by the sole passive negligent act or the concurrent negligent act, error or omission, whether active or passive of County Parties.

[Doc. No. 20, Exh. B, Article 10 at ¶ 10.1] (emphasis added).

On February 24, 2025, the Estate of Brandon Yates, Dan Yates, and Andrea Carrier (collectively, "Plaintiffs") filed a Complaint against the County and multiple Doe Defendants, including mental health staff, alleging constitutional violations and negligence that they assert resulted in the killing of Brandon Yates by his cellmate Alvin Ruis. [Doc. No. 20 at ¶ 13]. With respect to the mental health staff, which as the cross-complaint alleges were furnished to NaphCare, Plaintiffs' Complaint alleges at least the following acts, errors, omissions, and negligence:

- failure to properly assess, treat, and monitor Ruis despite knowledge of his serious mental illness and violent tendencies [Doc. No. 1 at ¶¶ 25, 38, 41, 43, 47, 51, 55-57];
- failure to admit Ruis to the Psychiatric Stabilization Unit (PSU) where he could have been monitored and medicated [Doc. No. 1 at ¶¶ 43, 66]; and
- failure to properly inform deputies about Ruis's dangerous condition [Doc. No. 1 at ¶¶ 25, 132, 134].

[Doc. No. 20 at ¶ 13]. These allegations are embraced by the indemnity clause in the NaphCare Agreement because they relate to work that NaphCare's "agents, servants or employees" performed pursuant to the NaphCare Agreement.

The County tendered its defense to NaphCare pursuant to the indemnity clause in the NaphCare Agreement. NaphCare rejected the tender. In doing so, it breached the NaphCare Agreement which under California Civil Code section 2778 is construed to require that NaphCare immediately assume the County's defense upon tender of claims embraced by the indemnity—including at least Plaintiffs' negligence and wrongful death claims.

### III. Standard for Motion to Dismiss

Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion challenges the legal sufficiency of the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). A complaint may be dismissed if it lacks a cognizable legal theory or lacks sufficient facts under a cognizable theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In reviewing a motion to dismiss, the court must assume the truth of all factual allegations in the complaint and must construe them in the light most favorable to the non-moving party. *Gompper v. Visx, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002). However, a complaint's allegations must show that the plaintiff is entitled to more than merely speculative relief. "[S]ome threshold of plausibility must be crossed at the outset" before a case can go forward. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). To meet this "facial plausibility" standard, a complaint need only contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This simply requires a claimant to plead facts that show "more than a sheer possibility that a defendant has acted unlawfully" and that are more than "merely consistent with" a defendant's liability. *Id*.

### IV. The Cross Complaint States a Viable Breach of Contract Claim Based on NaphCare's Breach of the Duty to Defend

The Cross complaint alleges a viable contact between the County and NaphCare, and it alleges that NaphCare breached when it refused to defend the County in the *Yates*

lawsuit. The indemnity clause in the NaphCare Agreement obligates NaphCare to defend the County against claims related work performed pursuant to the agreement and "arising either directly or indirectly from any act, error, omission or negligence of Contractor or its Contractors, licensees, agents, servants or employees." [Doc. No. 20, Exh. B, Article 10 at ¶ 10.1]. The clause obligates NaphCare to defend the County regardless of whether the claims also arise from concurrent acts or negligence by the County. *Id.*

The scope of an indemnitor's duty to defend an indemnitee pursuant to a contractual is governed by Code of Civil Procedure section 2778. Under Section 2778, the duty arises immediately upon a proper tender of defense by the indemnitee—before the litigation to be defended has determined whether indemnity is actually owed. Thus, the contractual duty to defend is broader than the duty to indemnify (the same as with respect to insurance contracts).

"[U]nder subdivision 4 of section 2778, claims 'embraced by the indemnity,' as to which the duty to defend is owed, include those which, at the time of tender, *allege* facts that would give rise to a duty of indemnity." *Rainey on behalf of Garot v. Cnty. of San Diego*, 2023 WL 2761514, at *15 (S.D. Cal. Mar. 30, 2023) (quoting *Crawford v. Weather Shield Mfg., Inc.*, 187 P. 3d 424, 434 (Cal. 2008)).

As detailed in Section II above, Plaintiffs have alleged facts that, if proven, would give rise to a duty to indemnify: specific failures by mental health clinicians (i.e., NaphCare personnel) in the treatment and monitoring of Ruis that resulted in them releasing Ruis to enter mainline housing instead of remaining in Enhanced Observational Housing or the Psychiatric Stabilization Unit where he would not have been able to harm Brandon Yates. [Doc. No. 1 at ¶ 57; Doc. No. 20 at ¶ 21]. These allegations fall within the scope of the indemnity clause and trigger NaphCare's duty to defend the County. *Rainey*, 2023 WL 2761514, at *15. They also demonstrate that NaphCare's assertion that no causal link exists between its work and Plaintiffs' alleged negligence and wrongful death claims is false.

//

Based on the allegations referred to above, the relationship between the Plaintiffs' claims in the *Yates* lawsuit and the performance of NaphCare's employees, contractors, and agents is also not "tenuous" as NaphCare claims. But a tenuous connection would nevertheless be sufficient to trigger NaphCare's duty to defend. *Id*. A mere potential that the claims fall within the scope of the indemnity clause is all that is required. See *Gray v. Zurich Ins. Co.*, 65 Cal. 2d 263, 275, 419 P.2d 168 (1966).

The existence of claims for which indemnity may not exist (which NaphCare asserts include the Bane Act claim and the Section 1983 claim), negate NaphCare's duty to defend either. The labels currently placed upon the claims do not matter. *CNA Cas. of California v. Seaboard Sur. Co.*, 176 Cal. App. 3d 598, 609 (1986). The duty to defend is not determined by the titles of the claims but by the facts alleged. *Id*. As the California Supreme Court has stated, an indemnitor "cannot construct a formal fortress of the third party's pleadings and retreat behind its walls. The pleadings are malleable, changeable and amendable." *Gray v. Zurich Ins. Co*., 65 Cal. 2d 263, 276 (1966).

Moreover, when an indemnitor has a duty to defend, that duty extends to the entire action. *Buss v. Superior Court*, 16 Cal. 4th 35, 49 (1997). To provide a defense, the defense must necessarily be a defense in the entirety (even if the indemnification might ultimately involve an allocation that only provides indemnity as to some claims). The indemnitor "cannot parse the claims, dividing those that are at least potentially covered from those that are not." *Id*.

Accordingly, the County has stated a valid cross claim for breach of contract against NaphCare because, as alleged, the allegations gave rise to NaphCare's obligation to defend the County in the *Yates* lawsuit pursuant to the indemnity clause in the NaphCare Agreement, and the County has sufficiently alleged that NaphCare has breached that obligation.

### V. The Cross Complaint States a Viable Claim for Equitable Indemnity

The County has also sufficiently alleged a claim for equitable indemnity. This claim is appropriate because the Plaintiffs in the *Yates* lawsuit have alleged that the Doe

1  mental health clinicians were negligent in addition to the County's employees being
2  negligent. Under California law, these allegations render the Doe mental health clinicians
3  (i.e., NaphCare employees) joint tortfeasors. And under California law an alleged
4  tortfeasor may bring an equitable indemnity claim "to obtain indemnity from an alleged
5  tortfeasor on a comparative fault basis." *General Motors Corp. v. Doupnik*, 1 F.3d 862,
6  866 (9th Cir. 1993) (holding that equitable indemnity enables an alleged tortfeasor to
7  obtain indemnity from another tortfeasor on a comparative fault basis).
8      The jury will determine the appropriate percentages of comparative fault, if any,
9  following a trial in this matter. The claim is ripe for the jury to determine based on the
10 evidence that the parties will present at trial. The County's claim for equitable
11 contribution is a valid one.

12 **VI.   The Cross Complaint Also States a Valid claim for Declaratory Relief**

13     NaphCare's motion to not appear to include arguments regarding the County's
14 cross claim for declaratory relief. To the extent the Court construes it as containing such
15 arguments, the motion should still be denied as to this claim. Declaratory relief is
16 available in federal court when "there is a substantial controversy, between parties having
17 adverse legal interests, of sufficient immediacy and reality to warrant the issuance of
18 declaratory judgment." *Boeing Co. v. Cascade Corp.*, 207 F.3d 1177, 1192 (9th Cir.
19 2000) (citation omitted); 22 U.S.C. § 2201. Such a dispute clearly exists here regarding
20 the parties' rights and obligations under the NaphCare Agreement and the claim is
21 proper.

22 **VII.  The County is Entitled to Leave to Amend**

23     For the reasons stated above, NaphCare's motion lacks merit. Nevertheless, due to
24 the impending amended complaint from Plaintiffs and the discovery from which the
25 parties have learned new information that the County could include with new allegations
26 in an amended cross complaint to cure any deficiencies, the County respectfully requests
27 that it be allowed leave to amend in the event that NaphCare's motion is granted in any
28 part.

**VIII. Conclusion**

Based on the foregoing, Cross complainant County of San Diego requests that the Court deny NaphCare's motion to dismiss the cross complaint and requests that the County be granted leave to amend with respect to any portion of the motion that is granted.

DATED: January 12, 2026           DAVID J. SMITH, Acting County Counsel

By: s/STEVEN P. INMAN, II, Supervising Deputy
*Attorneys for Defendants and Third-Party Cross Complainant County of San Diego, and Defendants Kelly Martinez, Rich Williams, Matthew Blackburn, and Tony Gonzalez*