EUGENE G. IREDALE: SBN 75292
JULIA YOO: SBN 231163
CHELSEA REHERMAN: SBN 343466
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA  92101-6036
Telephone: (619) 233-1525
Fax: (619) 233-3221

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF BRANDON YATES by and through its successors-in-interest Dan Yates and Andrea Carrier; DAN YATES and ANDREA CARRIER,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, KELLY MARTINEZ, in her individual capacity, RICH WILLIAMS, in his individual capacity, MATTHEW BLACKBURN, in his individual capacity, TONY GANZALEZ in his individual capacity and DOES 1-51,<br><br>　　　　　　　Defendants. | Case No. 3:25-cv-00410-W-MMP<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT *NUNC PRO TUNC* TO JANUARY 16, 2026**<br><br>Hon. Thomas J. Whelan<br>Department 3C<br><br>Magistrate Michelle M. Pettit<br><br>Hearing Date: _____<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

Plaintiffs The Estate of Brandon Yates by and through its successors-in-interest Dan Yates and Andrea Carrier, Dan Yates and Andrea Carrier move the Court for leave to file a First Amended Complaint adding newly discovered Defendants, identifying Doe Defendants, and alleging claims against those Defendants.

## I. SUMMARY OF EVENTS

Plaintiffs filed the Complaint in this case on February 24, 2025. County defendants filed a motion to dismiss on April 30, 2025. It was denied on August 21, 2025. Defendant County of San Diego provided Plaintiffs with several documents on September 23, 2025, pursuant to an agreement between the parties. On November 24, 2025, Magistrate Judge Pettit ordered a stay of discovery until April 30, 2026, pending the outcome of the criminal trial of Alvin McDonald Ruis III: *People v. Alvin Ruis*, San Diego Superior Court Case No. SCD302252 ("Ruis criminal trial").

January 16, 2026 is the two-year anniversary of Brandon Yates' death. Because the County has provided some limited discovery, Plaintiffs have access to some of the names of the Doe Defendants. Plaintiffs have also been made aware from the County's cross-complaint that some of the individual defendants may have been employees of Naphcare, a private, for-profit company. Plaintiffs respectfully request that they be permitted to file a First Amended Complaint *nunc pro tunc* to January 16, 2026.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15 generally mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Under that standard, leave to amend should be granted with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). The dismissal without leave to amend is contrary to the longstanding rule that "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Breier v. Northern California Bowling Proprietors' Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963).

### III. ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleadings "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Because of the strong federal policy favoring resolution of cases on their merits, leave to amend should be freely granted unless the opposing party can make a showing of unfair prejudice or bad faith on the part of the moving party." *Grier v. Brown*, 230 F. Supp. 2d 1108, 1111 (N.D. Cal. 2002).

In evaluating a motion for leave to file an amended complaint under Rule 15(a), three factors guide the court's determination: whether permitting amendment would (1) prejudice the opposing party; (2) produce an undue delay in litigation; or (3) "result in futility for lack of merit." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990).

"Undue prejudice" does not automatically result when plaintiff seeks leave to add new parties or causes of action. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). "[L]iberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs*, 833 F.2d at 186. In *DCD*, the Ninth Circuit found that there was no prejudice to the newly named parties when the proposed amended complaint was filed while the case was still at the discovery stage with no trial date pending, and no pretrial conference had been scheduled. *Id*. at 187. The *DCD* court found that there was no evidence that defendants would be prejudiced by the timing of the proposed amendment. *Id*.

"Prejudice" for purposes of Rule 15 has been found in the following circumstances: (1) where an amendment to a complaint would necessitate reopening discovery and therefore delay trial court proceedings, *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999); (2) where the parties have already engaged in "voluminous and protracted discovery[,]" discovery was complete, and trial was only two months away, *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir.

1994), *abrogated on other grounds*, ("[e]xpense, delay, and wear and tear on individuals and companies count toward prejudice."); (3) where newly raised claims that advance "different legal theories and require proof of different facts" which would then force additional burdensome discovery, *Jackson*, 902 F.2d at 1387-88; or (4) where newly raised claims may impact ancillary litigation in separate, but related cases, *see id*.

Here, such prejudice does not exist for any Defendants because the Court has not opened discovery. Plaintiffs were only permitted to propound very limited discovery to the County, in the form of two (2) requests for production of documents to ascertain the identities of Doe Defendants. There is no prejudice to any of the parties and the filing of an amended complaint at this stage would not cause undue delay.

With the exception of NatphCare, Inc. and its employees, the newly identified defendants are agents and employees of the County of San Diego. NaphCare, Inc. is an entity defendant who has a contract to provide medical and mental health serviceds to the County of San Diego. The interests of the newly identified Defendants overlap with that of the existing defendants. The newly identified Defendants are primarily Sheriff's Department jail staff and medical providers who are entitled to both defense and indemnification by the County (Cal. Gov. Code § 825(a)) and the County is already represented in this case.

Plaintiffs have not brought any new causes of action and are within the relevant statute of limitations for their claims. *See Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) (applying the forum state's statute of limitations for personal injury to 1983 actions).

## IV.   CONCLUSION

Based on the foregoing, Plaintiffs respectfully request leave of Court to file the First Amended Complaint. A redlined version of Plaintiffs' proposed First Amended Complaint is attached hereto as Exhibit 1.

|   |   |   |
|---|---|---|
| | | Respectfully submitted, |
| | | s/ Julia Yoo |
| DATED: | January 16, 2026 | |
| | | JULIA YOO |
| | | Attorneys for Plaintiffs |