DAMON M. BROWN, County Counsel (SBN 242265)
By:    LINDSEY M. BURNETTE, Supervising Deputy (SBN 294888)
       STEVEN P. INMAN, II, Supervising Deputy (SBN 227748)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 302-9177; Fax: (619) 531-6005
E-mail:  Lindsey.Burnette@sdcounty.ca.gov
*Attorneys for Defendants and Third-Party Cross Complainant County of San Diego, and Defendants Kelly Martinez, Rich Williams, Matthew Blackburn, and Tony Gonzalez*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF BRANDON YATES by and through its successors-in-interest Dan Yates and Andrea Carrier; DAN YATES and ANDREA CARRIER,<br><br>　　　　　　Plaintiffs,<br>v.<br><br>COUNTY OF SAN DIEGO, KELLY MARTINEZ, in her individual capacity, RICH WILLIAMS, in his individual capacity, MATTHEW BLACKBURN, in his individual capacity, TONY GONZALEZ in his individual capacity and DOES 1-51,<br>　　　　　　Defendants.<br>_____<br>COUNTY OF SAN DIEGO,<br>　　　　Third Party/Cross-complainant,<br>　　v.<br><br>DR. HUDAD TOLLOUI; DR. REBECCA ROBINSON; DR. PETE J. FARRELL IV; MIRANDA EVANS; LIBERTY HEALTHCARE CORPORATION; LIBERTY HEALTHCARE OF CALIFORNIA, INC.; NAPHCARE OF SAN DIEGO, LLC; NAPHCARE, INC.; AND ROES 1-30.<br><br>　　　　Third Party/Crossclaim Defendants. | No. 25-cv-0410-W-MMP<br><br>**DEFENDANT COUNTY OF SAN DIEGO'S AMENDED CROSS-CLAIMS FOR:**<br>**(1) CONTRACTUAL INDEMNITY**<br>**(2) EQUITABLE INDEMNITY**<br>**(3) DECLARATORY RELIEF**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

Defendant and Cross-complainant County of San Diego (the "County") brings these amended third party crossclaims against: DR. HUDAD TOLLOUI; DR. REBECCA ROBINSON; NICHOLAS KAHL, NAPHCARE, INC.; NAPHCARE OF SAN DIEGO, LLC (collectively, "Crossclaim Defendants").

These third-party crossclaims arise from the same transactions and occurrences as the claims Plaintiff has brought against the County in this action. Additionally, a determination of all claims in one proceeding is necessary and appropriate to avoid the multiplicity of actions that would result if the County were required to bring separate actions against the Crossclaim Defendants for indemnification and/or contribution for any sums the County may be compelled to pay to Plaintiff as a result of any judgment or other award in this matter.

## PARTIES

1. Cross-complainant County of San Diego is, and at all times relevant to these cross claims was, a public entity duly organized and existing under the laws of the State of California.

2. Crossclaim Defendant NAPHCARE, INC. is, and at all times relevant to these crossclaims was, a corporation organized under the laws of the State of California. NAPHCARE, INC. agreed to provide on-site mental health related care to inmates at County jails and under its agreement with the County, provided physicians and mental health providers that provided care to Alvin Ruis and/or decedent Brandon Yates.

3. Crossclaim Defendant NAPHCARE OF SAN DIEGO, LLC is, and at all times relevant to these crossclaims was, a corporation organized under the laws of the State of California. NAPHCARE, INC agreed to provide on-site mental health related care to inmates at County jails and under its agreement with the County provided physicians and mental health providers that provided care to Alvin Ruis. Upon information and belief, NAPHCARE OF SAN DIEGO, LLC is the alter ego of

///

1  NAPHCARE, INC., is not separately capitalized, and does not observe corporate
2  formalities.
3       4.     Crossclaim Defendant HUDAD TOLLOUI, is, and at all times relevant to
4  these crossclaims was, an individual residing in the County of San Diego and a Licensed
5  Clinical Psychologist licensed to practice in the State of California. At all times relevant
6  to these crossclaims, this defendant practiced as a NAPHCARE OF SAN DIEGO, LLC,
7  and/or NAPHCARE, INC. physician and/or mental healthcare provider, in that capacity,
8  provided mental health care to Alvin Ruis.
9       5.     Crossclaim Defendant REBECCA ROBINSON, is, and at all times relevant
10 to these crossclaims was, an individual residing in the County of San Diego and a is a
11 registered psychological associate and/or licensed clinical psychologist licensed to
12 practice in the State of California. At all times relevant to these crossclaims, this
13 defendant practiced as a NAPHCARE OF SAN DIEGO, LLC, and/or NAPHCARE, INC.
14 physician and/or mental healthcare provider, in that capacity, provided mental health care
15 to Alvin Ruis.
16      6.     Crossclaim Defendant NICHOLAS KAHL, is, and at all times relevant to
17 these crossclaims was, an individual residing in the County of San Diego and a is a nurse
18 practitioner licensed to practice in the State of California. At all times relevant to these
19 crossclaims, this defendant practiced as a NAPHCARE OF SAN DIEGO, LLC, and/or
20 NAPHCARE, INC. nurse practitioner and, in that capacity, provided healthcare or mental
21 healthcare to Alvin Ruis.
22      7.     The County is ignorant of the true names and capacities of the Crossclaim
23 Defendants sued herein as Roes 1-30 and therefore sues these crossclaim defendants by
24 such fictitious names. The County will amend its crossclaims to allege the true names and
25 capacities when ascertained. The County is informed and believes, and on that basis
26 alleges, that each of the fictitiously named crossclaim defendants are responsible in some
27 manner for the occurrences as herein alleged and that the County's losses as herein
28 alleged were proximately caused by such conduct.

**JURISDICTION AND VENUE**

8. Jurisdiction and venue are proper in this judicial district. The County has brought cross claims for breach of contract and equitable indemnity that arise from the same transactions and occurrences as the claims that Plaintiff has brought against the County in this action.

9. Jurisdiction is proper pursuant to 28 U.S.C. §1367. Venue is proper in the Southern District of California pursuant to 28 U.S.C. §1391.

**GENERAL ALLEGATIONS**

10. On, February 24, 2025, THE ESTATE OF BRANDON YATES, by and through its successors-in-interest Dan Yates and Andrea Carrier; and DAN YATES and ANDREA CARRIER ("Plaintiffs'), filed a Complaint against the County of San Diego and Doe defendants in this action titled, *THE ESTATE OF BRANDON YATES by and through its successors-in-interest Dan Yates and Andrea Carrier; DAN YATES and ANDREA CARRIER, Plaintiffs, v. COUNTY OF SAN DIEGO, KELLY MARTINEZ, in her individual capacity, RICH WILLIAMS, in his individual capacity, MATTHEW BLACKBURN, in his individual capacity, TONY GANZALEZ in his individual capacity and DOES 1-51, Defendants.,* in the United States District Court for the Southern District of California, Case No. 25CV0410WMMP, ("Yates Lawsuit") alleging, among other things, that decedent, Brandon Yates, was killed by Alvin Ruis and that Plaintiffs have suffered damages due to a failure to adhere to the applicable standard of care and the failure by medical and mental health providers to properly treat, medicate, and monitor Ruis and their failure to notify classification staff and housing deputies of the dangers Ruis posed to others (See Doc. No. 1, incorporated herein by reference).

11. At all times relevant to the Complaint, NAPHCARE OF SAN DIEGO, LLC, and/or NAPHCARE, INC. was providing medical and mental health staffing to the County of San Diego pursuant to an April 26, 2022, agreement, attached hereto as Exhibit A and incorporated herein by reference (the "NaphCare Agreement").

///

12. On information and belief, the Defendant Does identified in Plaintiffs original complaint (Doc. No. 1) include the Cross Defendants named in this Amended Cross-complaint.

13. On January 16, 2026, Plaintiffs filed a motion for leave to amend their complaint, seeking to add as defendants NAPHCARE, INC., DR. HUDAD TOLLOUI; DR. REBECCA ROBINSON; and NICHOLAS KAHL, NP.

14. DR. HUDAD TOLLOUI; DR. REBECCA ROBINSON; and NICHOLAS KAHL, NP were medical and mental healthcare professionals that NAPHCARE OF SAN DIEGO, LLC and/or NAPHCARE, INC. was providing to County jails at all times relevant to Plaintiffs Complaint and proposed Amended Complaint.

15. The claims in the Yates Lawsuit, therefore, arise out directly or indirectly out of alleged acts, errors, or omissions—or at least the concurrent negligence—of NaphCare or NaphCare's agents, servants, or employees. (See e.g., Doc. No. 56-2 at 27-29, 63, 102-103, 108, 180 & 285). For example, paragraph 180 of the proposed amended complaint specifically alleges that had TOLLUI, ROBINSON, and KAHL, among others, followed their policies and procedures, Ruis would have been properly classified, and Brandon would have never been placed in 4C9" (the cell in which he killed his cellmate, Brandon Yates) (Doc. No. 56-2 at ¶ 180).

16. Specifically with regard to NaphCare, the proposed amended complaint alleges, among other things, that that NaphCare employed "some or all of the medical care providers who failed to properly treat or house Ruis," "took no action to ensure that its employees and contractors would admit psychotic and dangerous patients into the psychiatric ward of the Jail," and "failed to implement a system and failed to train and supervise its employees on communicating critical information to JPMU so that their violent patients can be housed properly." (Doc. No. 56-2, ¶ 285).

17. Plaintiffs also allege that NaphCare, among others, "had a duty to supervise their subordinates on their duties, and their actions and inactions proximately caused Brandon's death." (Doc. No. 56-1, ¶ 377).

18. Plaintiff alleges in the Yates Complaint, *inter alia*, that Cross-defendants were negligent and careless in, among other things, allegedly not properly addressing and communicating with jail staff regarding the symptoms they observed in Ruis.

19. NAPHCARE OF SAN DIEGO, LLC and/or NAPHCARE, INC's mental health providers saw and examined Ruis during the December 27, 2023, to January 16, 2024, period at issue in the Complaint including in the contexts alleged in the Yates Complaint and the amended cross-complaint regarding DOE medical and mental health providers.

20. The allegations in Plaintiff's amended complaint fall within the embrace of the indemnity provision in the NaphCare Agreement (Ex. A, Art. 10, ¶ 10.1). Nevertheless, NAPHCARE OF SAN DIEGO, LLC and NAPHCARE, INC. have denied the County's request that they honor their contractual obligations and assume the County's defense in the Yates Lawsuit.

21. While Plaintiff continues to seek damages from the County including, without limitation, for damages and costs related to the death of Brandon Yates at the hands of Alvin Ruis, NAPHCARE OF SAN DIEGO, LLC and NAPHCARE, INC. have denied the County's requests for a defense and for indemnification and contribution.

## FIRST CLAIM

(Breach of Contract as to Cross-Claim Defendants NAPHCARE OF SAN DIEGO, LLC, and NAPHCARE, INC)

22. The County re-alleges and incorporates by reference each allegation and document referenced or contained in the preceding paragraphs as if fully set-forth herein.

23. The NaphCare Agreement obligates NAPHCARE OF SAN DIEGO, LLC, and NAPHCARE, INC to provide the County with a defense and indemnity for claims related to the NaphCare Agreement.

///

///

///

24. Specifically, the NaphCare Agreement states, in pertinent part:

> County shall not be liable for, and Contractor shall defend and indemnify County and the employees and agents of County (collectively, "County Parties"), against any and all claims, demands, liability, judgments, awards, fines, mechanics' liens or other liens, labor disputes, losses, damages, expenses, charges or costs of any kind or character, including attorneys' fees and court costs (hereinafter collectively referred to as "Claims"), related to this Agreement or the work covered by this Agreement and arising either directly or indirectly from any act, error, omission or negligence of Contractor or its Contractors, licensees, agents, servants or employees; including, without limitation, Claims caused by the sole passive negligent act or the concurrent negligent act, error or omission, whether active or passive of County Parties.

(Exhibit A, NaphCare Agreement, Article 10 at ¶ 10.1).

25. Plaintiff's claims against the County in the Yates Lawsuit relate to and arise out of work performed pursuant to the NaphCare Agreement.

26. The Yates Lawsuit triggers Defendants NAPHCARE OF SAN DIEGO, LLC, and NAPHCARE, INC's obligation under the NaphCare Agreement to defend and indemnify the County. However, NAPHCARE OF SAN DIEGO, LLC, and NAPHCARE, INC have breached the NaphCare Agreement by refusing the County's demand for a defense and indemnity.

27. As a direct result of NAPHCARE OF SAN DIEGO, LLC, and NAPHCARE, INC's conduct, the County has sustained damage in that, among other things, NAPHCARE OF SAN DIEGO, LLC, and NAPHCARE, INC's breaches of

contract have exposed the County to a potential judgment in Plaintiff's favor, and caused the County to bear the expense and inconvenience of these proceedings, including the damages incurred as attorneys' fees and costs to defend the Yates Lawsuit.

28. Further, as a direct and proximate result of NAPHCARE OF SAN DIEGO, LLC, and NAPHCARE, INC's breaches of the NaphCare Agreement, the County has been additionally damaged in amounts according to proof at trial.

## SECOND CLAIM

(Equitable Indemnity as to All Crossclaim Defendants)

29. The County re-alleges and incorporates by reference each allegation and document referenced or contained in the preceding paragraphs as if fully set forth herein.

30. While the County does not concede the truth of Plaintiff's allegations, the Crossclaim Defendants are obligated to indemnify the County for all damages, defense costs, settlement payments, and attorneys' fees and costs the County incurs as a proximate result of the Yates Lawsuit.

31. If the County bears any liability to Plaintiff, which the County denies, the County's liability is secondary and Crossclaim Defendants are primarily liable. Crossclaim Defendants' liability is based upon their alleged negligent and wrongful conduct in providing medical and mental healthcare services in the context of their interactions with Alvin Ruis, including in observing, examining, and/or evaluating Alvin Ruis, and in allegedly failing to meet the appropriate standard of care in addressing symptoms and communicating with jail staff regarding the risks that Alvin Ruis posed to himself and others.

32. The County has been and will continue to be damaged as a proximate result of the alleged negligence, improper, and/or tortious conduct of Crossclaim Defendants.

33. The County is entitled to equitable indemnity from Crossclaim Defendants in a sum according to proof at trial.

///

///

# THIRD CLAIM

(Declaratory Relief as to all Crossclaim Defendants)

34. The County re-alleges and incorporates by reference each allegation contained in the preceding paragraphs as if fully set forth herein.

35. An actual controversy has arisen and now exists between the County and Crossclaim Defendants in that the County contends that (1) Crossclaim Defendants have a duty to defend the County, (2) responsibility for the damages Plaintiff claims rests entirely or partially with the Crossclaim Defendants; and (3) Crossclaim Defendants are obligated to completely or partially indemnify the County for any sum or sums which the County may be compelled to pay as a result of any alleged damage, judgment, or other award recovered by Plaintiff.

36. The County desires a declaration of the respective liabilities of the parties for the damages Plaintiff has alleged in this action, and a declaration of Crossclaim Defendants' responsibility for indemnification or contribution to the County for the sum or sums which the County may be compelled to pay and for which Crossclaim Defendants have been determined to be responsible.

37. Such a declaration is necessary and appropriate at this time so that the parties may ascertain their rights and duties, if any, with respect to Plaintiff's claims. Additionally, to the extent that Plaintiff's claims are upheld, the claims of all parties arise out of the same transactions and occurrences, and a determination of all claims in one proceeding is necessary and appropriate to avoid the multiplicity of actions that would otherwise result if the County was required to solely defend the Yates Lawsuit and then bring separate actions against the Crossclaim Defendants for indemnification and contribution.

///
///
///
///

**PRAYER FOR RELIEF**

WHEREFORE, the County respectfully prays for judgment as follows:

A. As to the First Claim, for contractual indemnity in an amount subject to proof, but not less than the amount of damages the County incurs as a result of a settlement or judgment in the Yates Lawsuit, as well as any attorneys' fees and costs the County incurred for its defense in the Yates Lawsuit and to prosecute these crossclaims.

B. As to the Second Claim, for equitable indemnity in an amount subject to proof, but not less than the amount of damages the County incurs as a result of a settlement or judgment in the Yates Lawsuit, as well as any attorneys' fees and costs the County incurred for its defense in the Yates Lawsuit and to prosecute these crossclaims.

C. As to the Third Claim, for a declaration of the amount for which Crossclaim Defendants are obligated to indemnify the County for damages the County incurs as a result of a settlement or judgment in the Yates Lawsuit, together with attorneys' fees and costs the County incurred for its defense in the Yates Lawsuit and to prosecute these crossclaims; and

D. As to all claims, for (1) costs of suit incurred herein, (2) reasonable attorneys' fees, and (3) for such other and further relief as the Court deems just and proper.

DATED: January 27, 2026      DAMON M. BROWN, County Counsel

By: *s/STEVEN P. INMAN, II*, Supervising Deputy
Attorneys for Crosscomplainants and Defendants
County of San Diego, Kelly Martinez, Rich
Williams, Matthew Blackburn, and Tony Gonzalez